IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANSISCO JAVIER OJEDA, | ) |
| Plaintiff, | ) |
| | ) 20-cv-01336 |
| vs. | ) |
| | ) JURY DEMANDED |
| THOMAS DART, SHERIFF OF COOK COUNTY, COOK COUNTY, ILLINOIS, AND BRENDA TAYLOR, | ) ) ) ) |
| Defendants. | ) |

## ANSWER TO PLAINTIFF FRANSISCO JAVIER OJEDA'S COMPLAINT AT LAW BY THOMAS DART, SHERIFF OF COOK COUNTY

Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, by its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Special Assistant State's Attorneys, Brian P. Gainer, Monica Gutowski, Lisa M. McElroy, and for his Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

**ANSWER**: **Defendant Dart admits that Plaintiff brings this action under 42 U.S.C. § 1983 but denies that he has any liability for any claim.**

2. Plaintiff Fransisco Javier Ojeda is an inmate at the Cook County Jail assigned booking number 2017-1228010.

**ANSWER**: **Defendant Dart admits that Plaintiff was booked in the Jail on December 28, 2017 and assigned booking number 2017-1228010.**

3. Defendant Sheriff of Cook County is sued in his official capacity. Under Illinois law, the Cook County Sheriff operates the Cook County Jail.

**ANSWER**: **Defendant Dart admits the Cook County Sheriff has been named in his official capacity. Defendant Dart further admits that the Cook County Sheriff has certain responsibilities for Cook County Jail.**

4. Defendants Sheriff of Cook County and Cook County are responsible for the medical needs of detainees at the Cook County Jail.

**ANSWER**: **Defendant Dart admits that Cook County, through Cermak Health Services, provides certain medical care to detainees at Cook County Jail.**

5. Defendant Cook County controls the budget for the Cook County Jail, provides dental services for persons in the custody of the Jail, and is a necessary party to this action.

**ANSWER**: **Defendant Dart admits the allegations of this paragraph but denies that he has any liability for any claim.**

6. Defendant Dr. Brenda Taylor, at all relevant times, has been the dentist assigned to Division 10 at Cook County Jail.

**ANSWER**: **Defendant Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

7. Inmates at the jail, pursuant to policy, are informed to submit a health service request form to seek dental treatment. All dental health service request forms are provided to the dental clinic for treatment to be scheduled.

**ANSWER**: **Defendant Dart admits that inmates at the Jail may submit a health service request form to seek treatment for dental pain but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.**

8. In the summer of 2018 the plaintiff began submitting health service request forms complaining of a very painful toothache:

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

    a. Cook County collected the following complaint on August 12, 2018:

**ANSWER:** **Defendant Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in subparagraph a).**

    b. Cook County collected the following complaint on August 28, 2018:

**ANSWER:** **Defendant Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in subparagraph b).**

    c. Cook County collected the following complaint on September 2, 2018:

**ANSWER:** **Defendant Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in subparagraph c).**

    d. Cook County collected the following complaint on September 5, 2019:

**ANSWER:** **Defendant Dart lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in subparagraph d).**

9. Each of the above identified health service request forms were referred to the Division 10 dental clinic.

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

10. Plaintiff was evaluated by Dr. Brenda Taylor on September 10, 2018. During this exam Dr. Taylor documented the plaintiff was in pain and needed to have tooth #16 extracted. Dr. Taylor extracted tooth # 16 and entered a referral order for plaintiff to be treated at the Stroger oral surgery clinic for extraction of teeth in the lower right quadrant.

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

11. Plaintiff waited several months, or until November 29, 2018, to be scheduled and transferred to Stroger for dental extractions.

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

12. While the plaintiff waited for treatment he suffered significant pain.

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

13. Cook County, pursuant to policy, delegates responsibility to each dental clinic to schedule patients for care.

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

14. Cook County policy requires each inmate complaining of dental pain rated five or greater on a health service request form (also classified as an "urgent" health service request form) to be seen by the dentist within 3 business days.

**ANSWER**:

15. Defendant Cook County trained each dentist, including Dr. Taylor, to collaborate with the dental assistant schedule all "urgent" health service request forms to be evaluated by the dentist within 3 business days.

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

16. Defendant Dr. Taylor has worked at Cook County Department of Corrections for at least 11 years.

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

17. Defendant Dr. Taylor, however, delegates complete responsibility to schedule health service request appointments to the Division 10 dental assistant.

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

18. Defendant Dr. Taylor does not participate in the scheduling of patients for treatment after the dental clinic receives health service request forms seeking treatment.

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

19. Defendants Dart and Cook County have known since at least September 20, 2016 that defendant Dr. Taylor does not participate in the scheduling of patients in her dental clinic.

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

20. Defendants Dart and Cook County know inmates assigned to Division 10 routinely wait weeks to be evaluated by the dentist after the submission of a health service request form processed as "urgent."

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

21. Defendants Dart and Cook County know inmates suffer unnecessary and gratuitous pain because defendant Dr. Taylor refuses to participate in the scheduling of patients in the Division 10 dental clinic.

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

22. Defendants Dart and Cook County have taken no action to remedy the grossly deficient access to dental care for inmates assigned to Division 10.

**ANSWER**: **Defendant Dart denies the allegations contained in this paragraph.**

23. As a direct and proximate result of Dart and Cook County's failure to correct this obvious defect in the widespread practice of scheduling patients for dental care in Division 10, plaintiff experienced gratuitous pain and incurred personal injuries and was deprived of rights secured by the Eight and Fourteenth Amendments to the Constitution of the United States.

**ANSWER**: **Defendant Dart denies the allegations contained in this paragraph.**

24. Defendant Dr. Brenda Taylor, by intentionally refusing to participate in the scheduling of "urgent" health service request form appointments, causes inmates, like plaintiff, to suffer prolonged and gratuitous pain.

**ANSWER**: **Defendant Dart lacks knowledge or sufficient information to form a belief about the truth of the allegations contained in this paragraph.**

25. Plaintiff demands trial by jury on his claim for damages.

**ANSWER**: **Defendant Dart admits Plaintiff has demanded a trial by jury but denies that he has any liability for any claim.**

## **AFFIRMATIVE DEFENSES**

Further answering Plaintiff's complaint, Defendant alleges the following separate affirmative defenses against Plaintiff.

### I. Exhaustion of Administrative Remedies

1. On the date Plaintiff filed his complaint, he was a "prisoner," as that term is defined in the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(h) ("[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."); *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002) ("[A] plaintiff's status as a 'prisoner' is to be determined as of the time he brought the lawsuit.").

2. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under . . . 42 U.S.C. 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

3. Plaintiff failed to properly exhaust his administrative remedies, and therefore his claims are barred by the PLRA.

### II. Immunity from Punitive Damages

4. Local governments are immune from punitive damages liability under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

5. Therefore, to the extent Plaintiff seeks punitive damages, Defendant asserts immunity from the same.

### III. Failure to Mitigate

6. Without waiving its denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendant, Plaintiff had a duty to mitigate those damages. *Wells v. City of Chicago*, 2009 U.S. Dist. LEXIS 15792, *23–24, 2009 WL 528307 (N.D. Ill. Feb. 25, 2009).

7. Without waiving its denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendant, the claims are barred to the extent Plaintiff failed to act reasonably to mitigate his damages. To the extent Plaintiff failed to mitigate his damages, any award of damages may be reduced for his failure to mitigate.

### IV. Plaintiff's Willful and Wanton Conduct

8. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case. In addition, to the extent that Plaintiff failed to take reasonable measures to mitigate any of his claimed injuries or damages, those facts shall be presented to preclude recovery for Plaintiff and any verdict or judgment obtained by Plaintiff must be reduced by the amount of damages attributed to the Plaintiff by the jury in this case.

### V. Additional Affirmative Defenses

9. Defendant reserves the right to assert additional affirmative defenses as they become known through the course of litigation.

WHEREFORE, based on the foregoing, Defendant, THOMAS DART, SHERIFF OF COOK COUNTY, denies that Plaintiff is entitled to any damages, injunctive relief, costs,

attorney's fees, witness fees, or other relief. Defendant prays that this Honorable Court grant judgment in its favor and against Plaintiff on all aspects of his complaint and further request that this Honorable Court grant judgment of Defendant's fees, costs, and such other relief that this Court deems just and appropriate.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendant hereby demands a jury trial.

Dated: May 1, 2020　　　　　　　　　　　　　　　Respectfully submitted,

JOHNSON & BELL, LTD.

/s/ *Lisa M. McElroy*
One of the attorneys on behalf of
THOMAS DART, SHERIFF OF COOK COUNTY

Brian P. Gainer (gainerb@jbltd.com)
Monica Burkoth (burkothm@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
JOHNSON & BELL, LTD.
33 W. Monroe Street, Suite 2700
Chicago, IL 6063
Tel: (312) 372-0770
Fax: (312) 372-9818

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FRANSISCO JAVIER OJEDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 20-cv-01336 |
| vs. ) | |
| ) | JURY DEMANDED |
| THOMAS DART, SHERIFF OF COOK ) | |
| COUNTY, COOK COUNTY, ILLINOIS, AND ) | |
| BRENDA TAYLOR, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

Lisa M. McElroy, an attorney of record for Defendant, hereby certifies that on May 1, 2020, she served a copy of Defendant Thomas Dart, Sheriff Cook County's Answer and Affirmative Defenses on counsel of record via email:

/s/ *Lisa M. McElroy*
Lisa M. McElroy